No. 21-2835

# In the United States Court of Appeals for the Third Circuit

BRYAN DAVID RANGE,

Plaintiff-Appellant,

v.

ATTORNEY GENERAL UNITED STATES, ET AL.,

Defendants-Appellees.

Appeal from a Judgment of the United States District Court
for the Eastern District of Pennsylvania (Pratter, J.)
(Dist. Ct. No. 5:20-CV-03488-GEKP)

APPELLANT'S REPLY BRIEF

Michael P. Gottlieb
  PA Bar No. 36678
VANGROSSI & RECCHUITI
319 Swede Street
Norristown, PA 19401
610.279.4200
Mikem1a1@aol.com
Counsel for Appellant

March 11, 2022

## TABLE OF CONTENTS

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  i

Argument.............................................................1-8

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Required Certifications

# TABLE OF AUTHORITIES

Cases

*Binderup v. Att'y Gen.*,
    836 F.3d 336 (3d Cir. 2016) (en banc)............................................. 3

*Folajtar v. Att'y Gen.*,
    980 F.3d 897 (3d Cir. 2020)............................................................. 4

*Holloway v. Att'y Gen.*,
    948 F.3d 164 (3d Cir. 2020)......................................................... 3,7

Statutes and Rules

18 U.S.C. § 922(g)........................................................................... 2,6

18 U.S.C. § 922(g)(1)......................................................................... 3

18 U.S.C. §922(g)(2)........................................................................... 2

Pa. R.CrimPro. 310............................................................................ 3

ARGUMENT

Bryan Range has been married for over 18 years to his second wife with whom he has been together for over 25 years. (Appx 171 ¶16)  He has lived at the same address for over 24 years.  (Appx 117 ¶17)  The couple has successfully raised five now adult children. (Appx 117 ¶18) Range has been productively employed throughout his adult life.  He is in his thirteenth (13) year of employment as a machinist, prior to which he was self-employed as a painter for five years.  Prior he was employed for ten (10) years as a color technician for a printer.  (Appx 172, ¶19)

Since 1995, Mr. Range's only "criminal history" includes a minor traffic and parking violation as well as a fishing violation in 2011. He thought that he had renewed his fishing license, and after paying the fine he renewed the license.  (Appx 005, see Appx 045 ¶ 7)  Range has always strived to obey the law, including weapon laws, which he has never knowingly violated (Appx 004, ¶ 8; Appx 046, ¶ 14.)

Not knowing that he was barred from possessing firearms, Range attempted to purchase a firearm and was rejected by the Pennsylvania Background Instant Check System (Appx 005, Appx 046 ¶ 13)  Upon that rejection a gun store employee reviewed with Range a list of prohibiting offenses, none of which Range committed.  The employee then suggested

-1-

that Range retry at a later date as this was a typical error.  Appx 005-006, Appx 046 ¶ 13.  Later, Range's wife gifted him a rifle, however, that rifle was destroyed in a house fire she gifted him another.  Appx 007.  Later Range was again denied a firearms purchase and was again told that it was a mistake.  Appx 006, 046 ¶ 13; Appx 173 ¶ 25.  Range researched the matter further and was surprised to learn that he was barred from possessing firearms on account of his public assistance conviction. He then immediately disposed of the only firearm within his possession. Appx 006, 173 ¶ 26.  Range is not subject to any other firearms prohibition under Section 922(g).  Appx 169 ¶ 2; Section 922(g).  Moreover, Range is not subject to any prohibitions under Pennsylvania Law.

Range would still like to purchase a firearm for self-defense within his own home and for hunting. Appx 169 ¶ 1.  He fears if he were to possess a firearm, he would be subject to arrest, prosecution, incarceration and fines under Section 922(g)(2).  Thus, this lawsuit.

When Range was convicted, this offense was a misdemeanor of the first degree punishable by two and a half to five years in prison or a fine. Range was not represented and at the time that he entered his guilty plea received probation.

At that time, the Accelerated Rehabilitation and Disposition Statute was available in Pennsylvania.  See Pa Rule of Criminal Procedure 310.

Had Range been represented, any competent counsel would have advised Mr. Range to apply for ARD as it would result in him being able to obtain an expungement of this misdemeanor after completion of the program.  He would certainly have been eligible as it is a special program for nonviolent first offenders.

Section 922(g)(1) is unconstitutional as applied to Mr. Range because of his 1995 misdemeanor conviction.  It violates his Second Amendment Rights under this Court's test announced in <u>Binderup vs Attorney General</u>, 836 F.3d. 336 (3rd. Cir. 2016) (*en banc*), Record 13-1 at 7-15 but is also unconstitutional because as maintained in Judge Hardeman's Binderup concurrence, the Second Amendment does not allow the disarmament of non-dangerous people.  Record 13-1 at 15-16.

Before the Lower Court, the Government conceded that Mr. Range satisfies four out of the five factors announced in <u>Holloway v. Attorney General</u>, 948 F.3d. 164 (3rd Cir. 2020) for determining whether a predicate conviction passes Step One.  Appx 009.

The District Court, despite recognizing that Range was nonviolent and Mr. Range's 30 year old conviction was a misdemeanor, found that the offense was serious.

The Government argues that Range's case parallels <u>Folajtar vs. Attorney General</u>, 980 F.3d. 897, 910 (3rd. Cir. 2020), cert. denied, 141 Supreme Ct. 2511 (2021).  The Government's misplaced reasoning is that since the offense in <u>Folajtar</u> was punishable by three years, and the defendant in <u>Folajtar</u> only received probation, that <u>Folajtar</u> controls. However, the Government's reliance on <u>Folajtar</u> is misplaced.  <u>Folajtar</u>'s criminal conviction was a felony.

The difference between a felony and a misdemeanor is a bright line dividing point wherein legislators have made a determination regarding whether or not a crime is either serious or nonserious.  Felonies are serious.  Likewise, because of the chance of death from a fool driving intoxicated, the courts have determined that driving while under the influence of alcohol or narcotics is likewise serious.  We are not dealing with such a case here.

Mr. Range entered a plea of guilty to a misdemeanor of the first degree.  Had he had a lawyer, we would not be before this Honorable Court.  Range was eligible for accelerated rehabilitative disposition which

-4-

would have allowed him to have his record completely expunged upon the completion of the ARD Program. ARD is a special probation for first offenders and for nonviolent crimes to prevent the defendant from having an anchor and chain of a conviction dragging their life down such as in this case.

The Government is not promoting safety by prohibiting Mr. Range from owning firearms. In fact, when he did own firearms he acted in a safe manner. Moreover, when he eventually learned that he was not allowed under federal law to possess firearms, he did away with his firearm. What more could one ask of somebody who is attempting to be law-abiding. Despite the classification of the offense as a misdemeanor, the Government argues over and over throughout their Brief that Mr. Range should be disarmed calling him an criminal who is convicted of a serious offense and therefore is subject to disarmament.

Mr. Range is neither a felon nor a felon equivalent despite the Government's assertions to the contrary. His rights are still protected by the Second Amendment right to keep and bear arms. None of Mr. Range's deposition testimony was contradicted. As previously set forth herein, Mr. Range is much more than a virtuous citizen. He is an outstanding member of his community who has been married to his second wife for

a decade and a half.  They have raised five children together.  He has not committed either a felony or a misdemeanor since this lone offense in 1995.  However, the Government still wishes to continue to punish him for this one error in judgment.

In fact, Judge Ambro's Opinion in Binderup articulated a list of considerations to determine whether or not an individual should forever lose their Second Amendment Rights under Section 922(g).  The legislature's labeling of the offense as a felony or misdemeanor is the first.  This was a misdemeanor.  Next is whether the offense included an attempted use of force.  Clearly, there was no force involved in this matter.  The next item on the list is the actual sentence imposed.  Here, Mr. Range received probation and was ordered to pay restitution.  Finally, whether there was a cross jurisdictional consensus regarding the seriousness of the offense.  Here, the jurisdictions were split in 1985.

The Government contends that fraud offenses have been considered serious for centuries.  This is far from the truth.  The Government wants to lump every crime of dishonesty as a fraud rather than looking at the specifics of obtaining certain welfare benefits.  In those cases, there is no consensus nor had the Pennsylvania Legislature thought that obtaining welfare benefits was serious at the time of the offense.  References to

crimes that occurred today are irrelevant.  If we were to judge every old offense by today's standards, the law would become a quagmire.

In the Government's Brief, it appears that they believe that Judge Ambro's list should be significantly expanded although they offer no guidance in how this should be done.  For example, if the offense was committed on a Tuesday does that make it more serious than an offense committed on a Friday.  Clearly that is obviously absurd.  Likewise, they don't offer any guidance with respect to how to treat welfare fraud.  In fact, in the Pennsylvania Theft Statute, the grading is based on the amount of money or value of items stolen.  The undersigned respectfully submits that the legislature in Pennsylvania should likewise do so.  Misrepresenting to steal $100.00 is a lot different than misrepresenting to steal tens of thousands of dollars.

Holloway vs. Attorney General, 948 F.3d. 164 at 175 talks about current gradings of offenses such as involuntary manslaughter, terrorism, assaulting a child, abusing a care dependent person, making terroristic threats, threatening to use weapons of mass destruction, shooting a fire bomb in  pubic transportation, indecent assault by forcible compulsion, concealing the murder of a child, luring a child into a motor vehicle or structure, restraining a person and circumstances, imposing the person to

-7-

risk serious bodily injury and stalking are misdemeanors punishable by up to five years.  First of all, only involuntary manslaughter, terroristic threat and luring a child into a motor vehicle or structure existed at the time Mr. Range committed his offense so long ago.

Using common sense alone is what is necessary to determine whether or not a crime is serious.  Low level welfare fraud cases are not serious offenses and the undersigned submits that the Pennsylvania legislature never intended them to be.  Otherwise, they would not have allowed probation to be a sentence.  This is not driving under the influence where in an individual who drinks too much and gets behind the wheel of a car can kill themselves or somebody else.

This Court should determine that Range satisfied his burden at Step One to show that he was not convicted of a serious offense.  It is not necessary to remand the matter but rather this Court can review the other factors since the Government conceded them and reverse the District Court in its entirety.

For the reasons set forth above, this Honorable Court should reverse the judgment of the Court Below.

CONCLUSION

The decision below should be reversed.

Dated: March 11, 2022

Respectfully submitted,
 /s/ Michael P. Gottlieb
Michael P. Gottlieb
   PA Bar No. 36678
VANGROSSI & RECCHUITI
319 Swede Street
Norristown, PA 19401
610.279.4200
Mikem1a1@aol.com
*Counsel for Appellant*

## CERTIFICATION OF BAR MEMBERSHIP

I certify that I am an attorney in good standing of the bar of the Third Circuit.

/s/ Michael P. Gottlieb
Michael P. Gottlieb

DATED: March 11, 2022

## CERTIFICATE OF COMPLIANCE

1.    This reply brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B)(i) because it contains 1957 words.

2.    This reply brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in proportionately spaced typeface using Corel WordPerfect in 14 point Arial font.

3.    The text of the electronic brief is identical to the text in the paper copies.

4.    This file was scanned for viruses using Norton and was found to be virus-free.


/s/ Michael P. Gottlieb
Michael P. Gottlieb
Attorney for Appellant
Dated: March 11, 2022

No. 21-2835

# In the United States Court of Appeals
# for the Third Circuit

BRYAN DAVID RANGE,

Plaintiff-Appellant,

v.

ATTORNEY GENERAL UNITED STATES, ET AL.,

Defendants-Appellees.

## CERTIFICATE OF SERVICE

I do hereby certify that on this date, I served by ECF,  a true and correct copy of the Appellant's Reply Brief upon the following:

Kevin Soter, Esquire
U.S. Department of Justice, Civil Division
Appellate Staff
950 Pennsylvania Avenue, NW, Room 7222
Washington, D.C.  20530
202-514-3602
Attorney for Federal Defendants

VANGROSSI AND RECCHUITI

BY: /s/Michael P. Gottlieb
     MICHAEL P. GOTTLIEB
     Attorney ID #36678
     319 Swede Street
     Norristown, PA  19401
     (610) 279-4200
DATE: 03/11/2022     Attorney for Appellant