Case: 21-2835   Document: 40   Page: 1   Date Filed: 07/01/2022



**U.S. Department of Justice**
Civil Division, Appellate Staff
950 Pennsylvania Ave. NW
Washington, DC 20530

July 1, 2022

**By ECF**

Patricia S. Dodszuweit, Clerk of Court
U.S. Court of Appeals for the Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

    Re:   *Range v. Attorney General*, No. 21-2835

Dear Ms. Dodszuweit:

    We respectfully inform the Court, pursuant to FRAP 28(j), of the Supreme Court's decision in *New York State Rifle & Pistol Association v. Bruen*, No. 20-843, 2022 WL 2251305 (June 23, 2022). Before *Bruen*, this Court and other courts of appeals assessed Second Amendment challenges under a two-step framework, examining first whether a challenged law or regulation burdens protected conduct and, if so, applying means-end scrutiny. *See* Gov't Br. 10. In *Bruen*, the Supreme Court "decline[d] to adopt" the second step of that framework. 2022 WL 2251305, at *8. The Court explained, however, that "[s]tep one of the predominant framework is broadly consistent with *Heller*." *Id.* at *9. And the Court repeatedly emphasized that the Second Amendment's protections extend only to "law-abiding" citizens. *Id.* at *5, *7, *12, *13, *14, *18, *28, *33, *34; *id.* at *34, *35, *36, *37, *38 (Alito, J., concurring); *id.* at *38 (Kavanaugh, J., joined by Roberts, C.J., concurring).

    Because Plaintiff is not among the law-abiding citizens who fall within the scope of the Second Amendment's protections as reflected in its text and history, *Bruen* supports the district court's rejection of his challenge. The Supreme Court has repeatedly recognized, as Justice Kavanaugh's *Bruen* concurrence emphasizes, that "the Second Amendment

allows a 'variety' of gun regulations," including "'longstanding prohibitions on the possession of firearms by felons.'" *Bruen*, 2022 WL 2251305, at \*39 (Kavanaugh, J., joined by Roberts, C.J., concurring) (quoting *District of Columbia v. Heller*, 554 U.S. 570, 626, 636 (2008)).  And this Court has held at "step one" of its pre-*Bruen* framework that "persons who have committed serious crimes forfeit the right to possess firearms." *Binderup v. Attorney General*, 836 F.3d 336, 347-53 (3d Cir. 2016) (en banc) (Ambro, J.).  As the government has explained, Plaintiff committed a serious criminal offense, so his Second Amendment challenge fails.  Gov't Br. 11-26.

                          Sincerely,

                          */s/ Kevin B. Soter*
                          Kevin B. Soter

cc:    All counsel (via CM/ECF)