No. 21-2835

# In the United States Court of Appeals for the Third Circuit

---

Bryan David Range,

Plaintiff-Appellant,

v.

Attorney General United States, et al.,

Defendants-Appellees.

---

Appeal from a Judgment of the United States District Court for the Eastern District of Pennsylvania (Pratter, J.)
(Dist. Ct. No. 5:20-CV-03488-GEKP)

---

APPELLANT'S BRIEF PURSUANT TO THIS
COURT'S ORDER DATED JULY 29, 2022

August 24, 2022

Michael P. Gottlieb
PA Bar No. 36678
Vangrossi & Recchuiti
319 Swede Street
Norristown, PA 19401
610.279.4200
Mikem1a1@aol.com
Counsel for Appellant

## TABLE OF CONTENTS

Table of Authorities..................................................................................II

Introduction............................................................................................III

Statement of Issues Pursuant to this Court's Order of July 29, 2022..........1

Argument..............................................................................................2-8

Conclusion.................................................................................................9

Required Certifications......................................................................10-11

TABLE OF AUTHORITIES

Cases

Binderup vs Attorney General, 836 F.3d. 336 (3rd. Cir. 2016)..............2,4,7

District of Columbia vs.Heller 554 U.S. 570 (2008)...............................3,4,5

Holloway v. Attorney General, 948 F.3d. 164 (3rd Cir. 2020)......................2

McDonald vs. Chicago, 561 U.S. 742 (2010)..............................................3

New York State Rifle and Pistol Association, Inc. vs. Bruen, 597 Supreme Ct. ____, 142 S. Ct. 2111 (2022)............................................. 2,3,4,5,6,7,8

United States vs. Marzzarrella, 614 F.3d. 85 (3rd. Cir. 2010)...................2,7

Williams v. Attorney General, 19-2694 ......................................................7

*The American Historical Review 282 (1899)(1775 Connecticut); (1776 Mass.laws 484)*......................................................................................5

1 Private and Special Statutes of the Commonwealth of Massachusetts from 1780-1805, at 145-147 (1805)........................................................5

INTRODUCTION

Twenty-six years ago, Bryan Range was convicted of concealing some of meager income so that he could obtain additional food stamps for his family, a misdemeanor of the first degree.  Range served no jail term and made restitution.  According to the Record below, he remains gainfully employed, peaceful and productive family man with no meaningful criminal record.  Yet on account of this one ancient misdemeanor transgression, the Government bars Range forever from possessing firearms.  The District Court analysized and decided this matter erroneously which is now confirmed by the United States Supreme Court in <u>New York State Rifle and Pistol Association, Inc. vs. Bruen</u>, 597 Supreme Ct. ___, 142 S. Ct. 2111 (2002) where the United States Supreme Court states that the Government's firearm regulation must be examined pursuant to the historical context of regulations prohibiting individuals from possessing firearms if they were convicted of a minor offense.  For the reasons cited later herein, this Court should either reverse the District Court or vacate and remand for the District Court to address the issues set forth herein.

## STATEMENT OF ISSUES PURSUANT TO
## THIS COURT'S ORDER OF JULY 29, 2022

I. This Court's Two Part Test for Second Amendment Challenges has been invalidated by the Supreme Court's <u>Bruen</u> decision as <u>Bruen</u> requires that it is the Government's duty to prove that its firearm regulation is part of the historical tradition that the deed limits, the outer bounds of the right to keep and bear arms.

II. The Government has failed to meet its burden of proving that the plaintiff's conviction places him outside the scope of those entitled to Second Amendment rights based on the historical analysis of those who can be disarmed.

III. While the Government has wholly failed to meet its burden, this Court should, consistent with Williams v. Attorney General 19-2694 remand to the District Court to review what if any historical analysis the Government has argued, let alone proven.

ARGUMENT

**I. The decision in the Supreme Court in <u>New York State Rifle and Pistol Association, Inc. vs. Bruen,</u> 597 Supreme Ct. \_\_\_, 142 S. Ct. 2111 (2022) has abrogated the factors that this Court set forth in <u>Binderup vs Attorney General</u>, 836 F.3d. 336 (3rd. Cir. 2016) and <u>Holloway v. Attorney General,</u> 948 F.3d. 164 (3rd Cir. 2020).**

Following discovery, the parties moved for Summary Judgment. The District Court applied the two step framework set forth in <u>United States vs. Marzzarrella</u>, 614 F.3d. 85 (3rd. Cir. 2010) as adopted for as applied disarmament challenges by Judge Ambro's plurality opinion in <u>Binderup vs. Attorney General of the United States</u> 836 F3rd. 336 (3rdCir.2016). The Government conceded that Mr. Range satisfied four of the five factors announced in <u>Binderup</u> and <u>Holloway</u> for determining whether a predicate conviction passes Step One. His conviction was classified as a misdemeanor, the criminal offense did not involve violence or attempted violence as an element, he was not sentenced to any jail time and the crime involved no potential for physical harm to others. The United States Attorney argued and the Trial Court accepted that a cross-jurisdictional consensus showed that Range could not pass Step One of the analysis contending that 39 jurisdictions would today classify this offense as a felony although it was a misdemeanor at the time of the occurrence.

The United States Supreme Court has now set this analysis on its ear. Briefly, New York State required that an individual must show good cause to obtain a concealed carry license.

The Supreme Court wrote that "In the years since [District of Columbia vs.Heller 554 U.S. 570 (2008) and McDonald vs. Chicago, 561 U.S. 742 (2010)] the Courts of Appeals have coalesced around the "two - step" frame work for analyzing Second Amendment challenges that combines history with means - end scrutiny."

> "Today, we decline to adopt that two - part approach. In keeping with Heller, we hold that when the Second Amendment plain text covers an individual's conduct, the Constitution presumptively protects that conduct. To justify its regulation, the Government may not simply deposit that the regulation promotes important interest. Rather the Government must demonstrate that the regulation is consistent with this nation's historical tradition of firearms regulation. Only if a firearm regulation is consistent with this nation's historical tradition may a court conclude that the individual's conduct falls outside the Second Amendment's "unqualified command". New York State Rifle and Pistol Association vs. Bruen, 597 U.S. \_\_\_\_, 142 S. Ct. 2111 (2022)

The Court held that "the Government must affirmatively prove that its firearm regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms". Bruen, 597 U.S. \_\_\_, 142 S. Ct. 2111 (2022)

The test that the Court sets forth in <u>Heller</u> and the Supreme Court reaffirmed in <u>Bruen</u> requires Courts to assess whether modern firearm regulations are consistent with the Second Amendment's text and historical understanding. The lack of distinctly similar historical regulation addressing that problem is relevant evidence that the challenge regulation is inconsistent with the Second Amendment. <u>Bruen</u>, 597 U.S. ___, 142 S. Ct. 2111 (2022)

This multi-factor virtue test is not historical. <u>Bruen</u> requires, "The Government to demonstrate that the regulation is consistent with this nation's historical tradition of firearm regulation." 597 U.S. slip opinion at 8. No historical law ever disarmed anyone because the crime was "serious" or the person lacked "virtue" nor did disarmament ever depend on whether the crime was classified as a misdemeanor or felony, the actual sentence imposed, or the existence of a cross-jurisdictional consensus. These factors are 21st century inventions and thus improper considerations according to <u>Bruen</u>.

Under this so-called multi-factor virtue test, it is impossible for someone to "regain their lost Second Amendment rights after not posing a threat to society for a period of time." <u>Binderup</u> at 350. This also contradicts history. Offenders in the founding era could often regain their

rights upon providing securities (financial promise, like a bond) of peaceful behavior.  Some states during the Revolutionary War had procedures for restoring arms rights once a person no longer posed a danger.  See for example, *The American Historical Review 282 (1899)(1775 Connecticut); (1776 Mass.laws 484)*.  Even many of the treasonous rebels who took up arms in the Shay's Rebellion regained their arms rights after three years of peaceable behavior.  1 Private and Special Statutes of the Commonwealth of Massachusetts from 1780-1805, at 145-147 (1805)

      The Bruen court further reaffirmed that the Court of Appeals' Second Step is inconsistent with Heller's historical approach and its rejection of means and scrutiny.  Thus this Court must analyze the tradonal history of whether being convicted of a minor offense stripped the individual of his right to bear arms.

## II. The Government failed to meet its burden of proving that appellant's conviction places him outside the scope of those entitled to Second Amendment Rights.

The Supreme Court reiterated that the standard for applying the Second Amendment is as follows:

> When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The Government must then justify its regulation by demonstrating that it is consistent with the nation's historical tradition of firearm regulations. Only then may a Court conclude that the individual's conduct falls outside the Second Amendment's unqualified command. Bruen, 597 U.S. ____, 142 S. Ct. 2111 (2022)

In the instant matter, the Government has made no showing either before this Court or the District Court that they were relying on the historical analyses as required in <u>Bruen</u>. In fact, both the Trial Court Record and the Record before this Court is void of any historical analysis as is required under <u>Bruen</u>. For this reason, the Government has completely failed to meet its burden having not even raised the specter of historical analysis throughout their arguments. Thus, this Court should reverse the District Court. Alternatively, this Court should vacate the judgment of the District Court and remanding to the District Court for further proceedings for a review consistent with Bruen.

**III. This Court should remand to allow the District Court to consider the historical analysis if any presented by the Government as set forth in the <u>Bruen</u> decision.**

The Second Amendment was ratified in 1791. The Government cites no contemporaneous authority or historical authority that would disarm a peaceful American such as Mr. Range who would like to own and possess firearms for hunting and self-defense. In fact, the Record is completely void of any such analysis by the Government.

On August 19, 2021, this Honorable Court granted reconsideration of a panel decision in <u>Williams v. Attorney General</u>, 19-2694 and vacated its and the District Court's decision and remanded the case to the District Court for reconsideration in light of <u>Bruen v. NYSRPA</u>, 142 S. Ct. 2111 (2022). <u>Williams</u> is a similar as applied Second Amendment challenge to the instant matter where both District Courts allowed the plaintiff's Second Amendment Rights to be stripped despite there being no historical basis for doing so. <u>Bruen</u> requires a traditional historical review as is required by the United States Supreme Court.

A remand is appropriate because the Trial Court's Opinion contradicts <u>Bruen</u> which mandates a historical based test and thus forbids the disarmament of peaceable persons. This make it up as you go approach seems to have been applied in <u>Binderup</u> and <u>Marzarella</u> contradicts <u>Bruen</u>

which emphasized that the Second Amendment's "meaning is fixed according to the understandings of those who ratified it," 597 U.S. slip opinion at 19.  Thus, the matter should be remanded to the District Court for proceedings consistent with the historical analysis required by Bruen.

CONCLUSION

Because the test applied to deny Bryan Range's Second Amendment Rights has been invalidated in <u>Bruen</u> and because the United States Supreme Court test favors Range and because great uncertainty exists in this Court's Second Amendment precedents, Range respectfully requests that this Court either reverse the District Court or remand to the District Court for a review of whether or not the Government has satisfied their burden under <u>Bruen</u>.

Dated: August 24, 2022　　　　　　　　　　　Respectfully submitted,
　　　　　　　　　　　　　　　　　　　　　　 /s/ Michael P. Gottlieb
　　　　　　　　　　　　　　　　　　　　　　Michael P. Gottlieb
　　　　　　　　　　　　　　　　　　　　　　PA Bar No. 36678
　　　　　　　　　　　　　　　　　　　　　　VANGROSSI & RECCHUITI
　　　　　　　　　　　　　　　　　　　　　　319 Swede Street
　　　　　　　　　　　　　　　　　　　　　　Norristown, PA 19401
　　　　　　　　　　　　　　　　　　　　　　610.279.4200
　　　　　　　　　　　　　　　　　　　　　　Mikem1a1@aol.com
　　　　　　　　　　　　　　　　　　　　　　*Counsel for Appellant*

CERTIFICATION OF BAR MEMBERSHIP

    I certify that I am an attorney in good standing of the bar of the Third Circuit.

/s/ Michael P. Gottlieb<br>Michael P. Gottlieb

DATED: August 24, 2022

## CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume limitation set forth in this Court's Order of July 29, 2022 because it contains 2,094 words excluding the parts of the Brief excluded by Federal Rule of Appellate Procedure 32(f).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in proportionately spaced typeface using Corel WordPerfect in 14 point Arial font.

3. The text of the electronic brief is identical to the text in the paper copies.

4. This file was scanned for viruses using Norton and was found to be virus-free.

/s/ Michael P. Gottlieb
Michael P. Gottlieb
Attorney for Appellant
Dated: August 24, 2022