No. 21-2835

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

_____

BRYAN DAVID RANGE,

Plaintiff-Appellant,

v.

ATTORNEY GENERAL OF THE UNITED STATES, et al.,

Defendants-Appellees.

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania

_____

## SUPPLEMENTAL BRIEF FOR APPELLEES

_____

BRIAN M. BOYNTON
  *Principal Deputy Assistant Attorney General*

JACQUELINE C. ROMERO
  *United States Attorney*

MARK B. STERN
MICHAEL S. RAAB
ABBY C. WRIGHT
KEVIN B. SOTER
  *Attorneys, Appellate Staff*
  *Civil Division, Room 7222*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue NW*
  *Washington, DC 20530*
  *(202) 514-3602*

# TABLE OF CONTENTS

**Page**

ARGUMENT ............................................................................................. 1

    A.    Issue 1: What, if any, impact *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), has on the factors set forth in *Binderup v. Attorney General*, 836 F.3d 336 (3d Cir. 2016), and *Holloway v. Attorney General*, 948 F.3d 164 (3d Cir. 2020), when evaluating what *Bruen* defines as the Government's duty to prove that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms. ...................................................................1

    B.    Issue 2: If, under *Bruen*, the Government bears the burden of proving that Plaintiff's conviction places him outside the scope of those entitled to Second Amendment rights, whether the Government has met that burden here. ..................................................6

    C.    Issue 3: Whether this Court should remand to allow the District Court to consider these issues and apply *Bruen*...................................8

CONCLUSION .................................................................................... 10

COMBINED CERTIFICATIONS

# TABLE OF AUTHORITIES

**Cases:**                                                              **Page(s)**

*Binderup v. Attorney General,*
   836 F.3d 336 (3d Cir. 2016) ................................................................ 2, 3, 4, 5, 6

*Comite' De Apoyo A Los Trabajadores Agricolas v. Perez,*
   774 F.3d 173 (3d Cir. 2014) ................................................................ 8, 9

*District of Columbia v. Heller,*
   554 U.S. 570 (2008) ................................................................ 1, 2, 6

*Folajtar v. Attorney General,*
   980 F.3d 897 (3d Cir. 2020),
   *cert. denied*, 141 S. Ct. 2511 (2021) ................................................................ 3-4, 5, 7, 8

*Holloway v. Attorney General,*
   948 F.3d 164 (3d Cir. 2020),
   *cert. denied*, 141 S. Ct. 2511 (2021) ................................................................1, 5, 6

*Hudson United Bank v. LiTenda Mortg. Corp.,*
   142 F.3d 151 (3d Cir. 1998) ................................................................ 8-9

*McDonald v. City of Chicago,*
   561 U.S. 742 (2010) ................................................................2

*Medina v. Whitaker,*
   913 F.3d 152 (D.C. Cir. 2019) ................................................................ 8

*Migliori v. Cohen,*
   36 F.4th 153 (3d Cir. 2022) ................................................................ 9

*New York State Rifle & Pistol Ass'n v. Bruen,*
   142 S. Ct. 2111 (2022) ................................................................ 1, 1-2, 2, 4, 8

*United States v. McCane,*
   573 F.3d 1037 (10th Cir. 2009) ................................................................5

*United States v. Rozier,*
   598 F.3d 768 (11th Cir. 2010) ................................................................ 4

*United States v. Scroggins,*
   599 F.3d 433 (5th Cir. 2010) ................................................................5

*United States v. Yancey*,
    621 F.3d 681 (7th Cir. 2010) .................................................................3

**Statutes:**

18 U.S.C. § 921(a)(20)(B) .........................................................................1

18 U.S.C. § 922(g)(1)............................................................................1, 4

# ARGUMENT

The government respectfully responds below to the three questions posed by the Court in its July 28 order.

**A.    Issue 1: What, if any, impact *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), has on the factors set forth in *Binderup v. Attorney General*, 836 F.3d 336 (3d Cir. 2016), and *Holloway v. Attorney General*, 948 F.3d 164 (3d Cir. 2020), when evaluating what *Bruen* defines as the Government's duty to prove that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms.**

Federal law generally prohibits the possession of firearms by individuals convicted of a felony or a state law misdemeanor punishable by more than two years' imprisonment. *See* 18 U.S.C. §§ 921(a)(20)(B), 922(g)(1). The Supreme Court's decision in *New York State Rifle & Pistol Association v. Bruen*, 142 S. Ct. 2111 (2022), has no impact on this Court's "step one" analysis of Second Amendment challenges to this law.

1. As this Court has recognized, the Supreme Court has "embraced" as consistent with the Second Amendment the federal prohibition on firearm possession by individuals convicted of a felony or a state law misdemeanor punishable by more than two years' imprisonment. *Holloway v. Attorney General*, 948 F.3d 164, 172 (3d Cir. 2020), *cert. denied*, 141 S. Ct. 2511 (2021). The right to bear arms belongs to "ordinary," "law-abiding, responsible" citizens. *District of Columbia v. Heller*, 554 U.S. 570, 635 (2008); *Bruen*, 142 S. Ct. at 2122, 2134,

2156.  Thus, when the Supreme Court ruled in *Heller* that the law at issue was unconstitutional because it infringed the Second Amendment rights of law-abiding, responsible citizens, the Court took pains to explain that its decision should not "be taken to cast doubt" on "longstanding prohibitions on the possession of firearms by felons."  *Heller*, 554 U.S. at 626; *see also McDonald v. City of Chicago*, 561 U.S. 742, 786 (2010) (plurality opinion) ("repeat[ing]" *Heller*'s "assurances" regarding such prohibitions).  And when the Supreme Court ruled in *Bruen* that the law at issue was likewise unconstitutional because "it prevents law-abiding citizens with ordinary self-defense needs from exercising their right to keep and bear arms," 142 S. Ct. at 2156, Justice Kavanaugh, joined by the Chief Justice, wrote separately to again emphasize that felon-possession prohibitions are "'presumptively lawful'" under *Heller* and *McDonald*.  *Id.* at 2162 (Kavanaugh, J., concurring) (quoting *Heller*, 554 U.S. at 627 n.26).

Since *Heller*, this Court has evaluated firearm restrictions on felons (and certain state-law misdemeanants) based on this express endorsement of felon-possession prohibitions, as well as the same text-and-history standard that was "set forth in *Heller* and appl[ied]" in *Bruen*.  *Bruen*, 142 S. Ct. at 2131.  In *Binderup v. Attorney General*, 836 F.3d 336, 348 (3d Cir. 2016) (en banc) (Ambro, J.), the Court evaluated "the historical justification for stripping felons, including those convicted of offenses meeting the traditional definition of a felony," of the right to

2

keep and bear arms.[1]  The Court explained that, historically, "'the government could disarm unvirtuous citizens,'" including criminals.  *Id.* (quoting *United States v. Yancey*, 621 F.3d 681, 684-85 (7th Cir. 2010) (per curiam)).  The Court further concluded that this historical "justification for excluding felons and felon-equivalents from the Second Amendment's ambit" extended to "any person who has committed a serious criminal offense, violent or nonviolent."  *Id.*

As *Binderup* explained, "[t]he view that anyone who commits a serious crime loses the right to keep and bear arms dates back to our founding era."  836 F.3d at 349.  For example, the Address and Reasons of Dissent of the Minority of the Convention of the State of Pennsylvania to Their Constituents—discussed in *Heller* as a "highly influential precursor to the Second Amendment"—"asserted that citizens have a personal right to bear arms unless for *crimes committed*, or real danger of public inquiry."  *Id.* (quotation marks omitted).  This Court announced its "takeaway" from this and other historical sources: "persons who have committed serious crimes forfeit the right to possess firearms."  *Id.*; *see also Folajtar v. Attorney General*, 980 F.3d 897, 904-05, 908-10 (3d Cir. 2020)

---

[1] The "traditional definition of a felony" includes any offense punishable by imprisonment for more than one year.  *Binderup*, 836 F.3d at 347.  Individuals whose offenses fall within this traditional definition notwithstanding the use of a different label by the relevant state legislature are sometimes referred to as "felon-equivalents."  *Id.* at 348.  Plaintiff Bryan Range, who was convicted of a state-law misdemeanor welfare fraud offense punishable by up to five years' imprisonment, is one such "felon-equivalent."

(collecting historical sources and explaining that "the eighteenth-century American's right to bear arms was intimately tied to long-standing practices that explicitly separated the class of armed law-abiding citizens from felons"), *cert. denied*, 141 S. Ct. 2511 (2021).

This Court has thus already concluded that the government has "affirmatively prove[n] that" Section 922(g)(1) "is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms." *Bruen*, 142 S. Ct. at 2127. The Supreme Court's decision in *Bruen* will require this Court to forgo the "second step" of its pre-*Bruen* analytical framework: whether the prohibition at issue survived heightened scrutiny. *Binderup*, 836 F.3d at 353; *see Bruen*, 142 S. Ct. at 2126-30. But the district court in this case did not uphold the law under the second step, *see* Appx014 n.4, and the government now argues only that the law is constitutional under the first step of *Binderup*'s framework. Accordingly, *Bruen* does not alter the analysis this Court should apply here.

2. This Court—alone among the courts of appeals[2]—has on one occasion held that Section 922(g)(1), though facially constitutional, was unconstitutional as

---

[2] *See Binderup*, 836 F.3d at 381 (Fuentes, J., concurring in part, dissenting in part, and dissenting from the judgments) ("No federal appellate court has yet upheld a challenge, facial or as-applied, to the felon-in-possession statute."); *see also, e.g., id.* at 381-96 (reasoning that "all crimes currently within § 922(g)(1)'s scope are serious by definition"); *United States v. Rozier*, 598 F.3d 768, 771 (11th Cir. 2010) (per curiam) (holding that 18 U.S.C § 922(g)(1) is not subject to

*Continued on next page.*

applied to individuals convicted of two offenses that the Court determined were not "serious." *See Binderup*, 836 F.3d at 351-53; *see also Holloway*, 948 F.3d at 172-77 (concluding under the *Binderup* framework that the challenger's offense was "serious" and so the constitutional challenge failed); *Folajtar*, 980 F.3d at 904-05, 908-10 (same). The Court has thus concluded that the Second Amendment effectively requires a narrow exception to Section 922(g)(1) if an as-applied challenger can distinguish a particular disqualifying offense from the many unquestionably serious offenses covered by Section 922(g)(1) that plainly support a legislative determination that the offender must be disarmed. Because the law challenged in *Bruen* was not the presumptively lawful and facially constitutional prohibition on felon possession at issue here, *Bruen* had no occasion to directly weigh in on whether such a law is subject to individualized as-applied challenges, and nothing in *Bruen* alters this Court's general approach to this issue.

The touchstone of this Court's evaluation of as-applied challenges to the federal felon prohibition is "whether an individual has committed a 'serious' offense, and thus was an 'unvirtuous citizen[]' who was historically barred from possessing firearms and fell out of the Second Amendment's scope." *Holloway*, 948 F.3d at 171 (brackets in original) (quoting *Binderup*, 836 F.3d at 348-49).

---

individualized as-applied challenges); *United States v. Scroggins*, 599 F.3d 433, 451 (5th Cir. 2010) (same); *United States v. McCane*, 573 F.3d 1037, 1047 (10th Cir. 2009) (same).

When an individual whose state-law misdemeanor offense falls within Section

922(g)(1) asserts that the offense is not serious, this Court has evaluated the claim

based on the non-exhaustive considerations evaluated in *Binderup* and expanded

upon in *Holloway*.  *See Binderup*, 836 F.3d at 351-53; *Holloway*, 948 F.3d at 172-

77.  And this Court rejects as-applied challenges to this statute "unless there is a

strong reason to do otherwise."  *Binderup*, 836 F.3d at 351; *see also id.* at 347

(explaining that "the burden" is "on the challenger to rebut the presumptive

lawfulness" of Section 922(g)(1), and "the challenger's showing must also be

strong").  This Court has further concluded that "[t]here is no historical support for

the view that the passage of time or evidence of rehabilitation can restore Second

Amendment rights that were forfeited" by an individual who "was convicted of a

serious crime."  *Id.* at 350.  This Court grounded its approach in both the

substantial historical record supporting Section 922(g)(1) and the Supreme Court's

recognition in *Heller* that statutes like Section 922(g)(1) are "presumptively

lawful," 554 U.S. at 626-27, 627 n.26.  Nothing in *Bruen*, therefore, alters this

mode of analysis.

> **B.**    **Issue 2: If, under *Bruen*, the Government bears the burden
> of proving that Plaintiff's conviction places him outside the
> scope of those entitled to Second Amendment rights,
> whether the Government has met that burden here.**

For the reasons explained above, this Court's caselaw establishes that

application of Section 922(g)(1) is constitutional unless a challenger asserting an

as-applied claim can make a strong showing that he or she committed a non-serious offense.  *Bruen* left this precedent undisturbed.  Under that precedent, the district court correctly rejected plaintiff's Second Amendment challenge because plaintiff committed a serious offense involving thousands of dollars' worth of welfare fraud.  *See* Gov't Br. 11-26; Appx009-014.

Assuming *arguendo* that this Court were to revisit its precedent, the government has met any additional burden required by *Bruen*.  For the reasons discussed above and in the government's principal brief, Section 922(g)(1) is a permissible firearm regulation in its full sweep, as well as when applied to any offenses that are serious under this Court's existing caselaw.  Moreover, in this case the government has further demonstrated that fraud offenders such as plaintiff Bryan Range retain no Second Amendment rights.  *See* Gov't Br. 15-17 (collecting historical support regarding fraud offenders).  By "willfully depriv[ing] the Government of its property," Range committed an act "no less serious than larceny, one of the nine common law felonies, or forgery, one of the first felonies in the United States."  *Folajtar*, 980 F.3d at 910.  And at the founding, such similar offenses were often classified as felonies punishable not just by disarmament, but by death.  *Id.* at 904-05.  "Given this, 'it is difficult to conclude that the public, in 1791, would have understood someone facing death and estate forfeiture to be

within the scope of those entitled to possess arms.'" *Id.* at 905 (quoting *Medina v. Whitaker*, 913 F.3d 152, 158 (D.C. Cir. 2019)).

*Bruen* calls for courts to identify "a well-established and representative historical *analogue*" to a modern firearm regulation, "not a historical *twin*." 142 S. Ct. at 2133. Under *Bruen*, relevant analogues include both general historical support for felon-dispossession statutes such as Section 922(g)(1) as well as the more specific centuries-long history regarding the treatment of fraud offenders. It follows that Range, a convicted fraud offender who was subject to a five-year maximum penalty—consistent with the felony-level punishment imposed by the vast majority of jurisdictions today for his universally criminalized conduct, *see* Gov't Br. 17-21—has no Second Amendment rights to assert.[3]

### C.    Issue 3: Whether this Court should remand to allow the District Court to consider these issues and apply *Bruen*.

There is no need for this Court to remand to the district court. The issues this Court has directed the parties to brief are "purely legal questions upon which an appellate court exercises plenary review," and the relevant "factual record is developed." *Comite' De Apoyo A Los Trabajadores Agricolas v. Perez*, 774 F.3d 173, 187 (3d Cir. 2014) (quoting *Hudson United Bank v. LiTenda Mortg. Corp.*,

---

[3] For these reasons, Range's assertion that the specific statutory offense of welfare fraud "did not exist in 1791" plainly does not advance his challenge. *See* Range 28(j) Response Letter (July 6, 2022), Dkt. No. 41. That argument seeks to require a particularly stringent sort of "historical *twin*." *Bruen*, 142 S. Ct. at 2133.

142 F.3d 151, 159 (3d Cir. 1998)).  This Court will generally "reach the merits" of such an issue, *id.*, particularly where "judicial economy" counsels against "remanding the case back to the District Court for a legal ruling that could result in further delay and an additional appeal."  *Migliori v. Cohen*, 36 F.4th 153, 159 n.24 (3d Cir. 2022).  For the reasons discussed above, *Bruen* does not meaningfully affect this Court's precedent.  The district court already applied that established law to Range's challenge and correctly granted summary judgment in favor of the government.  Appx009-014.  No remand is therefore required.

## CONCLUSION

The judgment of the district court should be affirmed.

Respectfully submitted,

BRIAN M. BOYNTON
  *Principal Deputy Assistant Attorney*
  *General*

JACQUELINE C. ROMERO
  *United States Attorney*

MARK B. STERN
MICHAEL S. RAAB
ABBY C. WRIGHT

  *s/ Kevin B. Soter*
KEVIN B. SOTER
  *Attorneys, Appellate Staff*
  *Civil Division, Room 7222*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue NW*
  *Washington, DC 20530*
  *California Bar No. 324524*
  *(202) 514-3602*
  *kevin.b.soter@usdoj.gov*

August 2022

## COMBINED CERTIFICATIONS

1.      Government counsel are not required to be members of the bar of this Court.

2.      This brief complies with the Court's July 28 order because it contains 2,109 words, excluding the parts of the brief exempted under Federal Rule of Appellate Procedure 32(f).  This brief also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Microsoft Word 2016 in Times New Roman 14-point font, a proportionally spaced typeface.

3.      The text of the electronic version of this document is identical to the text of the hard copies that will be provided.

4.      This document was scanned for viruses using Symantec Endpoint Protection version 14, and no virus was detected.


*s/ Kevin B. Soter*
Kevin B. Soter