# Cooper & Kirk

Lawyers
A Professional Limited Liability Company

| | | |
|---|---|---|
| David H. Thompson<br>dthompson@cooperkirk.com | 1523 New Hampshire Avenue, N.W.<br>Washington, D.C.  20036 | (202) 220-9600<br>Fax (202) 220-9601 |

February 8, 2023

**VIA ELECTRONIC FILING**
Patricia S. Dodszuweit, Clerk
United States Court of Appeals
   for the Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106-1790

  Re: Citation of Supplemental Authority in *Range v. Att'y General U.S.*,
     No. 21-2835

Dear Ms. Dodszuweit,

  Appellant Range respectfully submits *United States v. Rahimi*, No. 21-11001 (5th Cir. Feb. 2, 2023) and *United States v. Harrison*, No. 5:22-cr-00328 (W.D. Okla. Feb. 2, 2023) (slip opinions attached), which held that 18 U.S.C. § 922(g)(8) & 922(g)(3), respectively prohibiting possession of firearms by individuals subject to domestic violence restraining orders and by individuals who are users of illegal drugs, are unconstitutional under the Second Amendment. These cases are instructive on several points, regardless of whether the Court agrees with their ultimate holdings.

  *First*, both *Rahimi* and *Harrison* rejected the contention that because an individual is not an "ordinary, law-abiding citizen"—a phrase used repeatedly in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022)—he falls outside "the people" who are covered by the text of Amendment. *See Rahimi* at 8; *Harrison* at 8–10 & n.20; Pl.-Appellant's Pet. for Rehearing En Banc at 8, Doc. 68 (Jan. 3, 2023) ("Pl.'s Pet.").

# Cooper & Kirk
### Lawyers

Patricia S. Dodszuweit, Clerk
February 8, 2023
Page 2 of 2

*Second*, these cases reject the argument that *Bruen* established the constitutionality of the restrictions in Section 922 when it noted that "shall-issue" licensing regimes were not invalid under its ruling. As *Rahimi* explained, "the Court merely blessed the general concept of shall-issue regimes," it did not approve of their every facet. *Rahimi* at 6 n.5; *see Harrison* at 52; Pl.'s Pet. at 8.

*Third*, both cases are instructive throughout for demonstrating that specific analogues put forward by the Government should not be followed in this case. *E.g.*, *compare Harrison* at 25–26, *with* En Banc Br. for Appellees at 11–12, Doc. 93 (Jan. 25, 2023) ("Gov't Supp.")  (discussing Thomas Cooley); *compare Rahimi* at 27 *and Harrison* at 29–30, *with* Gov't Supp. at 13 (discussing ratification convention proposals); *compare Harrison* at 28, *with* Gov't Supp. at 9 (discussing argument based on severe penalties for felonies).

Sincerely,

s/ David H. Thompson
David H. Thompson
COOPER & KIRK PLLC
1523 New Hampshire Ave., N.W.
Washington, DC 20036
dthompson@cooperkirk.com
Tel: (202) 220-9600
Fax: (202) 220-9601
*Attorney for Appellant*

# CERTIFICATE OF SERVICE

I hereby certify that on February 8, 2023, I electronically filed the foregoing document with the Clerk of the Court by using the appellate CM/ECF system. I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

<u>s/ David H. Thompson</u>
David H. Thompson

*Counsel for Plaintiff-Appellant*