

**U.S. Department of Justice**

Civil Division, Appellate Staff
950 Pennsylvania Ave. NW
Washington, DC 20530

April 13, 2023

**By ECF**

Patricia S. Dodszuweit, Clerk of Court
U.S. Court of Appeals for the Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

      Re:   *Range v. Attorney General*, No. 21-2835 (en banc oral argument held on February 15, 2023)

Dear Ms. Dodszuweit:

      We respectfully inform the Court of the Eighth Circuit's decision in *United States v. Sitladeen*, No. 22-1010, 2023 WL 2765015 (April 4, 2023). *Sitladeen* rejected a Second Amendment challenge to 18 U.S.C. § 922(g)(5)(A), which prohibits firearm possession by noncitizens who are unlawfully present in the United States. The court concluded that the issue was controlled by prior circuit precedent holding that individuals subject to this statute "are not part of 'the people' to whom the protections of the Second Amendment extend." *Id.* at *5. *Sitladeen* reasoned that the analysis in *United States v. Flores*, 663 F.3d 1022 (8th Cir. 2011), was "consistent with" the Supreme Court's decision in *Bruen*, as *Flores* had "not reach[ed] [its] conclusion . . . by engaging in means-end scrutiny or some other interest-balancing exercise" but rather by concluding that the conduct regulated by the statute was not "protected by the plain text of the Second Amendment." *Id.* at *4-5.

      The decision in *Sitladeen* is consistent with the panel's conclusion in this case that the "people" who possess a right to keep and bear firearms under the Second Amendment is a category that properly excludes those

who have committed felony and felony-equivalent offenses and are therefore subject to 18 U.S.C. § 922(g)(1). *See* Panel Op. 3, 16-21, 46-48; Gov't En Banc Br. 11-12; *see also* Gov't En Banc Br. 12 (citing the Eighth Circuit's decision in *Flores*). *Sitladeen* further confirms the continued precedential nature of pre-*Bruen* decisions that upheld felon-dispossession laws without relying on means-end scrutiny. *See* Gov't En Banc Br. 4-5 (citing decisions of the D.C., Fourth, Fifth, Tenth, and Eleventh Circuits). And *Sitladeen* reflects that where a regulation comports with "*Bruen*'s threshold textual inquiry," "the Government bears no burden" to show that the regulation is consistent with historical tradition, 2023 WL 2765015, at *4 n.3—a showing that, in any event, the government has made with respect to Section 922(g)(1), *see* Panel Op. 16-42; Gov't En Banc Br. 2-10, 12-13.

                                                                    Sincerely,

                                                                    */s/ Kevin B. Soter*
                                                                    Kevin B. Soter

cc:    All counsel (via CM/ECF)