# Restoration of Rights Project

SELECT A JURISDICTION

50-STATE COMPARISONS
Civil & Firearms Rights

## 50-State Comparison: Loss & Restoration of Civil/Firearms Rights

**Contents**

1. Voting rights (criminal disenfranchisement)
   A. Loss of voting rights due to conviction
   B. Restoration of voting rights lost due to conviction
2. Voting, Jury Service, Public Office & State Law on Firearms
3. Firearms Rights Under Federal Law
4. State-by-state information

- Section 1 categorizes states by loss and restoration of voting rights due to conviction.
- Section 2 provides a 50-start chart concerning voting, jury service, and public office, as well as firearms rights under state law.
- Section 3 provides a 50-state chart concerning firearms rights under federal law.
- Section 4 provides state-by-state summaries, with links to more detailed analysis and legal citations.

### 1. Voting rights (criminal disenfranchisement)

*A. Loss of voting rights due to conviction*

Updated: May 2023



| Never (2, D.C.) | Upon felony conviction & incarceration (21) | Upon any conviction & incarceration (3) | Upon conviction for a listed offense (2) | Upon felony conviction (18) | Upon conviction for felony or certain misdoes (4) |
|---|---|---|---|---|---|
| D.C. | California* | Indiana | Alabama | Alaska | Delaware |
| Maine | Colorado | Michigan | Mississippi | Arizona | Iowa |
| Vermont | Connecticut | Utah* | | Arkansas | Missouri |
| | Hawaii | | | Florida | S. Carolina^^^ |
| | Idaho | | | Georgia | |
| | Illinois | | | Kansas | |
| | Louisiana** | | | Kentucky | |
| | Maryland | | | Minnesota | |
| | Massachusetts | | | Nebraska | |
| | Montana | | | | |
| | Nevada | | | North Carolina | |
| | N. Hampshire | | | Oklahoma | |
| | New Jersey | | | S. Dakota+++ | |
| | New Mexico | | | | |
| | New York | | | Tennessee^^ | |
| | North Dakota | | | Texas | |
| | Ohio | | | Virginia | |
| | Oregon*** | | | W. Virginia+++ | |
| | Pennsylvania | | | Wisconsin+++ | |
| | Rhode Island | | | Wyoming | |
| | Washington@ | | | | |

* **Californians** lose the vote only if serving a prison term (not a jail term).
** In **Louisiana**, any felony if "under an order of imprisonment," including suspended sentences, parole, but not any period of imprisonment as a result of supervision violation not resulting in revocation.
*** In addition, in **Oregon** a person convicted of any crime and serving a term of imprisonment in a federal correctional institution in the state is deprived of voting rights until discharged or paroled from imprisonment, or the conviction is set aside.
+ In **Utah**, incarceration for felonies and election-related misdemeanors.
++ For those in **South Dakota** convicted prior to July 1, 2012, vote lost only if sentenced to incarceration, including a suspended term.
+++ Also election bribery, in the case of **West Virginia**, and any bribery, in the case of **Wisconsin**.
^ In **Washington**, loss of vote only for felony conviction and incarceration (as opposed to any felony conviction) will be effective January 1, 2022.
^^ **Tennessee** law is quite complex: eligibility depends on the year of conviction and the offense. For more information, see the state profile.
^^^ Vote lost in **South Carolina** lost if "serving a term of imprisonment resulting from a conviction of a crime"; or, if an individual has been "convicted of a felony or offenses against the election laws."

*B. Restoration of voting rights lost due to conviction*

Updated: May 2023

(Note: In addition to the following restoration mechanisms, voting rights may be restored by executive clemency.)



| Not lost (2, D.C.) | On release from custody (23) | Completion of incarceration & parole (or earlier) (2) | Completion of incarceration & supervision (10) | Completion of incarceration, supervision, & specified court debt (9) | Only by executive clemency (4) |
|---|---|---|---|---|---|
| D.C. | California | Idaho | Alaska | Alabama | Iowa+ |
| Maine | Colorado | Louisiana+++ | Delaware*** | Arizona* | Kentucky++ |
| Vermont | Connecticut** | | | Arkansas | Mississippi^ |
| | Hawaii | | Missouri | Florida | Virginia@@ |
| | Illinois | | Nebraska^^ | Georgia | |
| | Indiana | | | Kansas | |
| | Maryland | | North Carolina | South Dakota^^^ | |
| | Massachusetts | | Oklahoma | Tennessee@ | |
| | Michigan | | S. Carolina | Texas | |
| | Minnesota | | | | |
| | Montana | | West Virginia | | |
| | Nevada | | Wisconsin | | |
| | N. Hampshire | | Wyoming+ | | |
| | New Jersey | | | | |
| | New Mexico | | | | |
| | New York | | | | |
| | North Dakota | | | | |
| | Ohio | | | | |
| | Oregon | | | | |
| | Pennsylvania | | | | |
| | Rhode Island | | | | |
| | Utah | | | | |
| | Washington@@ | | | | |

* In **Arizona**, for individuals with multiple felony convictions, restoration is at the discretion of the court.
** **Connecticut**'s 2021 budget bill, the state restored the vote to those on parole, whether for an in-state, out-of-state, or federal conviction, effective July 1, 2021.
*** **Delaware** excludes individuals convicted of certain serious offenses (murder, manslaughter, bribery or public corruption, sex offense), who must seek a pardon, and anyone convicted of election offenses who must wait 10 years following completion of sentence.
+ A 2020 **Iowa** executive order restores vote upon completion of incarceration and supervision, with certain exceptions.
++ A 2019 **Kentucky** executive order restores vote upon completion of incarceration and supervision for non-violent, non-sexual offenses.
+++ In **Louisiana**, the vote is restored if no longer under "order of imprisonment," or five years after release from actual incarceration, not including return to custody as a result of a supervision violation not resulting in revocation.
^ In **Mississippi**, the vote, if lost, can only be restored by the governor or by a 2/3 vote of the state legislature. Federal and out-of-state convictions do not result in loss of franchise.
^^ The vote is restored in **Nebraska** two years after completion of sentence.
^^^ In **South Dakota**, vote is restored to those convicted prior to July 1, 2012, upon release or completion of prison term. For those sentenced on or after that date, vote is restored upon completion of sentence, including payment of court debt.
@ In **Tennessee**, restoration of the vote depends upon the date of conviction, and for those convicted after 1981 restoration is available upon application to correctional authorities if all court debt and child support are paid.
@@ Since March 2021, the vote is restored in **Virginia** upon completion of incarceration via executive order; constitutional amendment process initiated.
@@ Restoration in **Washington** from custody will be effective January 1, 2022.
+ In **Wyoming** the vote is restored automatically only to individuals convicted of a single "nonviolent felony or nonviolent felonies arising out of the same occurrence or related course of events." Others must petition the governor for pardon or restoration.

Captured by the Third Circuit Libraries on 06/07/2023

## 2. Voting, Jury Service, Public Office, State Law Firearms

*Note: this first chart covers firearms disabilities under state law.*
*A second chart below covers firearms disabilities under federal law.*

Updated: December 2021

[Print]

| State | Vote | Jury Service | Public Office | *Firearms Rights Under State Law |
|---|---|---|---|---|
| AL | Any felony involving "moral turpitude," as defined with regard to specific offenses by Ala. Code. § 17-3-30.1; restored by administrative process or pardon, requiring payment of court debt. Ala. Const. art. VIII, § 177; Ala. Code § 15-22-36.1. | Any felony involving "moral turpitude;" restored by pardon. Ala. Code §§ 12-16-60(a)(4); 15-22-36(c). See also § 12-16-150 (all felonies a basis for challenge) | Any felony involving "moral turpitude;" restored by pardon. Ala. Code § 36-2-1;see Ala. Code § 15-22-36.1(a)(1), (3). | Handgun rights lost upon conviction of "crime of violence;" restored by pardon. Ala. Code. §§ 13A-11-70(1), 13A-11-72; State ex rel. Sokira v. Burr, 580 So. 2d 1340, 1345 (Ala. 1991). |
| AK | Any felony; restored upon completion of sentence. Alaska Stat. §§ 09.20.020; 15.05.030(a); 33.30.241. | Same as vote. Alaska Stat. §§ 09.20.020; 15.05.030(a); 33.30.241. | Same as vote. Alaska Stat. §§ 09.20.020; 15.05.030(a); 33.30.241; e.g., Alaska Stat. §§ 15.25.030(10), 39.05.100. | Concealable weapon rights lost for ten years for non-violent felonies; otherwise permanent, restored by pardon. Alaska Stat. §§ 11.61.200(a)(1),(b)(1). |
| AZ | Any felony "unless restored to civil rights," Ariz. Const. art. VII, § 2(C), Ariz. Rev. Stat. §§ 13-904(A)(1), 13-907, 13-908, 13-912, 16-101(A)(5). Federal offenders eligible, but out-of-state only if their rights restored in jurisdiction of conviction. | Same as vote. Ariz. Rev. Stat. §§ 13-904(A)(3), 13-906, 13-908, 13-912. | Same as vote. Ariz. Rev. Stat. §§ 13-904(A)(2), 13-906, 13-908, 13-912. | All firearms rights lost for felony conviction; may be regained from the court through a set-aside, if the conviction was for a non-violent offense, or from the court two years after discharge. Persons convicted of a "dangerous offense" must wait ten years. May also be regained through a pardon if pardon document so specifies. Ariz. Rev. Stat. §§ 13-905; 13-910. See also Ariz. Admin. Code § R5-4-101(6). Ordinary restoration of civil rights does not restore. |
| AR | Any felony; restored upon completion of sentence, including payment of fines and restitution. Ark. Const. art. III, §§ 1. | Any felony; restored by pardon. Ark. Code Ann. § 16-31-102(a)(4). | Person convicted of "infamous crime" ineligible as candidate for office or to hold office. May be mitigated by sealing/expungement but not by a pardon. Ark. Const. art. V, § 9; Ark. Code. Ann. §§ 21-8-305; 16-93-301 et seq. Conviction of "public trust crime" permanently barred from officem unless restored by court action. Ark. Code Ann. § 21-8-305(b)(3)(2019). | All firearms rights lost for felony conviction; restored by expungement or pardon. Ark. Code. Ann. § 5-73-103; see also Irvin v. State, 784 S.W.2d 763 (Ark. 1990). |
| CA | The right to vote is suspended while a person is "serving a state or federal prison term for the conviction of a felony." Cal. Const. art. II, § 4. | A person may not serve on a petit jury while incarcerated in a prison or jail, or while under supervision for conviction of a felony. | Specified malfeasance in office, restored by pardon. Cal. Const. art. V, § 8(a); Cal. Civ. Proc. § 203(a)(5). Cal. Penal §§ 4800, | All firearms rights lost for felony and misdemeanor involving use of firearm; restored by pardon expressly restoring |

## 3. Firearms Rights Under Federal Law

This second chart illustrates the complex relationship between state and federal law relating to loss and restoration of firearms rights after conviction. Under 18 U.S.C. § 922(g), federal firearms rights are lost upon conviction of a "crime punishable by a imprisonment for a term exceeding one year." The statutory relief specified in 18 U.S.C. § 925(c) has not been funded by Congress since the early 1990s. *See United States v. Bean*, 537 U.S. 21 (2002). Under 18 U.S.C. § 921(a)(20), a disqualifying conviction does not include one that "has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored…unless such pardon, expungement, or restoration of rights expressly provides that the person may not ship, transport, possess, or receive firearms." A similar loss and relief scheme is applicable to conviction of "a misdemeanor crime of domestic violence." *See* 18 U.S.C. § 921(a)(33)(B). In general, state offenders who lost civil rights* may avoid federal firearms restrictions if their rights were restored by whatever means, including by operation of law, and if they have no state law firearms disability. *See Caron v. United States*, 524 U.S. 308, 313 (1998). However, the federal courts have not been entirely consistent in their recognition of particular state law relief mechanisms, or in their interpretation of the "unless" clause in § 921(a)(20). Those with state convictions who are potentially subject to state and/or federal restrictions should consult a lawyer. The one thing that is fairly clear is that federal offenders may avoid federal (and frequently state) firearms restrictions only through a presidential pardon. *See Beecham v. United States*, 511 U.S. 368 (1994); *see also United States v. Bean, supra.*

It is important to stress that the information in this chart is solely for educational and informational purposes, and does not constitute legal advice. While every effort has been made to ensure that the information is correct and current, the law in this area is complex and constantly changing, and readers are cautioned to research and verify it independently at an official source.

Updated: September 2021

[Print]

| State | Loss and Restoration of State Firearms Rights | Civil Rights Lost Upon Conviction | How Lost Civil Rights Are Restored | Federal Firearms Relief under 18 § USC 921(a)(20) | State Offenders Under No State Disability who Remain Federally Disabled | State Felony Offenders who lose neither state nor federal gun rights |
|---|---|---|---|---|---|---|
| AL | Handgun ("pistol") rights only lost upon conviction of violent crime; restoration by pardon. Ala. Code. §§ 13A-11-70(1), 13A-11-72. | Vote, jury, office (all three for certain offenses only). Ala. Const. art VIII, § 177; Ala. Code. §§ 12-16-60, 15-22-36.1, 36-2-1. | Vote restored to most offenders through expedited restoration process (Ala. Code § 15-22-36.1); other rights (if lost) by pardon. | Federal disability relieved only by pardon. | State offenders entitled under state law to possess long guns (all) or handguns (non-violent) remain federally disabled unless all civil rights restored. Caron v. United States, 524 U.S. 308 (1998). | |
| AK | Concealable weapon rights lost for 10 years for felony offender (permanent if violent offense), unless conviction set aside or pardoned. Alaska Stat. § 11.61.200(a)(1), (b)(1)-(3). | Vote, jury, office. Alaska Stat. §§ 09.20.020, 15.05.030(a), 15.25.030(10), 33.30.241. | Vote and jury automatically restored upon discharge. Becoming qualified voter restores right to hold office. Alaska Stat. §§ 09.20.020, 15.05.030(a), 15.25.030(10), 33.30.241. | Federal disability relieved when state concealable weapons bar removed for non-person offenses after 10 years. | | Yes for non-violent, once 10-year period expired. |
| AZ | Firearms rights lost upon felony conviction; regained through court action for all but "dangerous" offenders or through pardon. Ariz. Rev. Stat. Ann. §§ 13-904(A), (B); 13-905; 13-906. | Vote, jury, office. Ariz. Const. art. VII, § 2(C); Ariz. Rev. Stat. Ann. §§ 13-904(A)(1)-(3); 16-101(A)(5); 21-201(3). | First offenders regain all rights (except gun rights) upon completion of sentence; recidivists (incl. federal offenders) must petition court. Ariz. Rev. Stat. Ann. §§ 13-905; 13-906; 13-912(B). | Court (or governor) must restore civil rights and firearms rights to relieve federal disabilities. | | |
| AR | Firearms rights lost upon felony conviction; regained through expungement or pardon, or through gubernatorial restoration for offenses not involving weapons. Ark Code. Ann. § 5-73-103. | Vote (felony), jury (felony), office (certain crimes). Ark. Const. art. III, §§ 1, 2; Ark. Const. art. V, § 9; Ark. Const. art. 51, § 11; Ark. Code Ann. §§ 7-6-102(d), 16-31-102(a)(4). | Vote automatic, other rights by pardon (jury) or expungement (office). Ark. Const. art. III, §§ 1, 2; Ark. Const. art. V, § 9; Ark. Const. art. 51, § 11; Ark. Code Ann. §§ 7-6-102(d), 16-31-102(a)(4). | Federal disability relieved only by pardon or expungement | | |
| CA | Firearms rights lost (including violent misdemeanants), regained only through pardon | Vote (if imprisoned or on parole), jury (for certain offenses), office (for certain | Vote automatic upon release from imprisonment or parole, other rights | Pardon. (State set-aside not sufficient, People v. Frawley, 98 Cal. Rptr.2d 555, 564 (Cal. | | |

---

* Convictions that do not result in the loss of any civil rights under state law, such as most misdemeanor convictions, may not satisfy the "civil rights restored" standard, *See United States v. Logan*, 522 U.S. 23 (2007).



Capture by the Third Circuit Libraries on 06/07/2023

## 4. State-by-state information

### Federal

State law governs loss and restoration of the right to vote in federal or state elections, as well as eligibility for state jury service and state public office, for people with state or federal convictions. Federal jury eligibility is lost upon conviction in state or federal court of a crime punishable by more than one year if a person's "civil rights have not been restored." Federal law does not prevent holding federal office based on a conviction.

Federal firearms disabilities are removed for those with state convictions by various state law restoration mechanisms, and for those with federal convictions by a presidential pardon. Federal law does not prohibit possession of antique firearms.

Read more

### Alabama

A person convicted of one of 47 disqualifying felonies—including murder, sexual assault, drug trafficking, and some property crimes—loses the rights to vote, to run for state office, and to serve on a jury. (All felonies are basis of challenge.) The right to vote is restored upon application after completion of sentence, including payment of fines and restitution, so long as no other charges are pending. This expedited restoration process does not apply to persons convicted of serious violent or sex offenses who may vote only if pardoned by the governor. The rights to run for office, serve on a jury, or possess a handgun can only be restored by a pardon. Restoration process also applies to those with federal and out-of-state convictions.

A person convicted of a violent crime loses the right to possess a handgun. This right can only be restored by a pardon.

Read more

### Alaska

A person convicted of a felony loses the rights to vote, to run for state office, and to serve on a jury. These rights are restored automatically upon completion of sentence.

A person convicted of a felony loses the right to possess a "concealable weapon" (such as a handgun) for 10 years following completion of sentence, which includes any period of parole or probation. A person convicted of a crime against a person—such as homicide, assault, kidnapping, or robbery—loses this right permanently.

Read more

### Arizona

A person convicted of a felony loses the rights to vote, to run for state office, and to sit on a jury. After a first felony conviction, these rights are restored automatically upon completion of sentence if all restitution has been paid. (Unlike unpaid restitution, unpaid fines do not affect restoration of rights.) For those convicted of two or more felonies, or who have unpaid restitution, these rights may be restored by the court "on final discharge," and after two years for those sentenced to prison.

A person convicted of a felony also loses the right to possess a firearm. The court may restore this right two years after completion of sentence for most felonies, or after 10 years for a serious felony (such as murder or sexual assault). For a person convicted of a "dangerous felony" this right may only be restored by pardon.

Read more

### Arkansas

A person convicted of a felony loses the rights to vote and to serve on a jury. The right to vote is restored automatically after completion of sentence, including payment of fines and restitution. The right to serve on a jury can only be restored by a pardon. A person convicted of certain crimes of dishonesty loses the right to hold state office. This right may only be restored if the disqualifying conviction is sealed or expunged.

A person convicted of a felony also loses the right to possess a firearm. This right is restored only by express order of the governor or, in some cases, by sealing or expunging the conviction.

Read more

### California

A person sentenced to prison for a felony conviction loses the right to vote while serving a term in state or federal prison, after which the right is automatically restored. A person may not serve on a petit jury while incarcerated in a prison or jail, or while under supervision for conviction of a felony. A person convicted of "malfeasance in office" loses the right to serve on a petit jury until their civil rights are restored. Service on a grand jury is prohibited following conviction for malfeasance in office or a felony. Person required to register as sex offender disqualified from jury service. A person convicted of vote-buying or certain other crimes of dishonesty loses the right to hold state office, a right restored only by a pardon.

A person convicted of any felony, or a misdemeanor involving weapons or domestic violence, loses the right to possess a firearm. This right may be restored by a pardon from the governor, but only if the crime did not involve the use of a dangerous weapon. However, firearms rights lost based on a misdemeanor conviction are automatically restored 10 years after conviction, so long as the person has no outstanding warrants.

Read more

### Colorado

A person convicted of a felony loses the right to vote, but only while incarcerated. A person convicted of a felony also loses the right to hold public office while incarcerated or on parole. The right to serve on a petit jury is not lost, but felony conviction conviction may be basis for challenge. Grand jury service precluded.

A person convicted of a felony loses the right to possess a firearm, which is restored only by a pardon.

Read more

### Connecticut

A person incarcerated for a felony loses the rights to vote and to hold public office. Effective July 1, 2021 rights are restored upon release from incarceration. A person convicted of a felony loses the right to serve on a jury. This right is restored automatically seven years after conviction, unless the person is still incarcerated. A pardon may restore this right sooner.

A person convicted of a felony or found delinquent for a "serious juvenile offense" may not receive a permit to carry a handgun. Eligibility may be restored by a pardon.

Read more

### Delaware

A person convicted of a felony loses the rights to vote and to sit on a jury. The right to vote is restored after completion of sentence, except for specified serious offenses. Restoration of vote not dependent on payment of fines and restitution. The right to sit on a jury can only be restored by a pardon from the governor. A person convicted of an "infamous crime," as determined by a court, loses the right to hold state office. This right cannot be restored by a pardon.

A person convicted of a felony, a specified violent crime, or a drug crime loses the right to possess a firearm. This right may be restored by a pardon.

Read more

### District of Columbia

By virtue of a law enacted in November 2020, conviction of a crime does not result in loss of the right to vote. (Previously, a person convicted of a felony or incarcerated for certain misdemeanor election law or lobbying violations, lost the rights to vote and to serve on the D.C. Council while incarcerated.) A person convicted of a felony while serving on the D.C. Council loses the right to hold that office. A person convicted of a felony, or charged with a felony or misdemeanor, loses the right to serve on a jury, a right that may be restored by the court one year after completion of sentence for petit jury service and ten years for grand jury service.

A person convicted of a felony, violent crime, or specified weapons violations, or who is under indictment for a crime or violence of weapons offense, may not register a firearm. A person convicted within the last five years of any drug crime, of misdemeanor domestic violence or stalking, or two or more DUIs, may not register a firearm. No mechanism for restoration is specified.

Read more

### Florida

A person convicted of a felony loses the rights to vote, hold public office, and serve on a jury. Jury eligibility also lost if pending felony or misdemeanor charges. With exceptions for certain serious crimes, the right to vote is restored automatically after completion of sentence, including any period of parole and payment of fines, fees, costs, and restitution. The rights to hold office and to serve on a jury can be restored by the governor with the approval of the Clemency Board. Under current rules, a person convicted of a minor felony must wait five years after completing their sentence to apply, and a person convicted of a more serious felony must wait seven years.

A person convicted of a felony also loses the right to possess a firearm. This right can only be restored by the governor, with the approval of the Clemency Board, eight years after completion of sentence.

Read more

Captured by the Third Circuit Libraries on 06/07/2023

### Georgia

A person convicted of a felony "involving moral turpitude" (interpreted as any felony) loses the rights to vote, hold public office, and serve on a jury. The right to vote is restored upon completion of sentence, which includes payment of a fine imposed as a separate sentence (but not a fine that is a condition of probation). The rights to hold public office and serve on a jury are lost upon conviction of a felony and may be restored by the Board of Pardons, except that in the case of office eligibility ten years must also have elapsed since completion of sentence.

A person convicted of any felony loses the right to possess a firearm, and may regain it through a pardon.

Read more

### Hawaii

A person convicted of a felony loses the right to vote, but only while incarcerated. A person convicted of a felony also loses the rights to hold public office and serve on a jury. The right to hold public office is restored upon completion of sentence (including parole), but the right to serve on a jury can be restored only by a pardon.

A person convicted of a felony, a crime of violence, or an illegal drug sale loses the right to possess a firearm. (This includes persons under 25 adjudicated for such an offense.) This right can be restored only by a pardon.

Read more

### Idaho

A person convicted of a felony and sentenced to a term of imprisonment, including a suspended sentence, loses the rights to vote, hold public office, and serve on a jury. These rights are restored automatically upon completion of any period of imprisonment, parole, or probation.

A person convicted of a felony loses the right to possess a firearm. Except for certain serious violent crimes, this right is restored upon completion of sentence. For serious violent crimes, the right may only be restored by the Commission for Pardons and Parole no earlier than five years after completion of the sentence.

Read more

### Illinois

A person convicted of a felony loses the right to vote, but only while incarcerated. A person convicted of a felony also loses the right to hold public office. Except for election-fraud convictions, the right to hold statewide office is restored upon completion of sentence. But the right to hold other elected office (municipal, county) is restored only by a pardon. A conviction does not affect the right to serve on a jury.

A person convicted of a felony loses the right to possess a firearm. This right may be restored at the discretion of the State Police or a local court if specified standards are met, or if expressly provided in a gubernatorial pardon.

Read more

### Indiana

A person convicted of any "infamous crime" loses the right to vote and serve on a jury, but only while incarcerated. A person convicted of a felony loses the right to hold public office, a right that can only be restored by expungement or a pardon from the governor (for which federal and foreign convictions ineligible).

A person convicted of a felony loses the right to possess a firearm, and this right is restored to those convicted of less serious crimes by expungement or by a pardon after 15 years, or earlier under certain circumstances. Persons convicted of a "serious violent felony" may regain firearms rights only by a pardon. Persons convicted of domestic battery may not possess a handgun, and they may petition the court for restoration after five years.

Read more

### Iowa

A person convicted of an "infamous crime" (one punishable by imprisonment) loses the rights to vote and hold public office, with some exceptions. These rights may only be restored by action of the governor, who under a 2020 executive order, is automatically restoring the right upon a person's completion of custody and supervision (excluding homicide convictions, which require an application). A person convicted of a felony may be dismissed from a jury because of their conviction, but they are not automatically ineligible. Those with federal or out-of-state convictions may regain their voting rights through the gubernatorial restoration process, or by restoration in the jurisdiction of their conviction.

A person convicted of a felony, or convicted of misdemeanor domestic violence, loses the right to possess a firearm. This right can only be restored by the governor at least five years after completion of sentence.

Read more

### Kansas

A person convicted of a felony loses the rights to vote, serve on a jury, and hold public office, which are restored automatically upon completion of sentence, including payment of fines and restitution, except that jury ineligibility extend for ten years after the date of conviction.

A person convicted of a "person" felony or analogous juvenile offense loses the right to possess a firearm for three or eight years depending on the offense, unless the offense involved a firearm in which case the loss is permanent. A person convicted of a nonperson felony loses the right to possess a firearm for three months. Expungement or pardon cut short most (but not all) of these loss periods.

Read more

### Kentucky

A person convicted of a felony loses the rights to vote, hold public office, and serve on a jury. Pending felony charges also exclude from jury. These rights may be restored by personal action of the governor, including by a "partial pardon" after completion of sentence and payment of restitution. For certain lower-level felonies, the right to vote may also be restored by judicial expungement. Federal and out-of-state convictions are subject to the same restoration regime as Kentucky convictions. An executive order in December 2019 restored the right to vote and hold office to those convicted of nonviolent and non-sexual crimes, upon completion of sentence (not including payment of restitution and other court debt).

A person convicted of a felony after July 15, 1994 loses the right to possess any firearm. A person convicted prior to that date loses only handgun rights. These rights can be restored only by pardon.

Read more

### Louisiana

A person convicted of a felony loses the right to vote while "under an order of imprisonment," which includes probation under a suspended sentence and parole, except that a person may apply for restoration of the vote if they have not been actually incarcerated pursuant to the order in the last five years (not counting return to custody as a result of supervision violation not resulting in revocation). If supervision ends prior to five years, they may register to vote. Eligibility for jury service is lost if under indictment or incarcerated, and for a five-year after after completion of parole or probation for a felony. Eligibility for elective office is not affected by conviction.

A person convicted of specified crimes, including some violent felonies, weapons offenses, and sex offenses, loses the right to possess a firearm. This right is restored automatically 10 years after completion of sentence, or sooner by a pardon.

Read more

### Maine

The rights to vote, hold public office, and serve on a jury are not affected by a conviction.

A person convicted of a crime punishable by imprisonment for at least one year, or a crime involving the use of a dangerous weapon, loses the right to possess a firearm. A juvenile adjudicated for any analogous offense also loses firearms rights. A person may be issued a permit to possess a black powder gun five years after completion of sentence except where the crime involved use of a dangerous weapon, but restoration of other firearms rights may only be by a full pardon. A juvenile adjudicated for a non-violent offense loses rights only for three years or until turning 18.

Read more

### New Jersey

A person convicted of an "indictable offense" (felony) loses the right to vote, but only while incarcerated. A person convicted of an indictable offense also loses the right to sit on a jury, which may only be restored by the governor, through a pardon or restoration of rights. A person holding public office or employment who is convicted of a serious crime or one involving dishonesty forfeits the office or employment. If the crime was one "involving or touching on" the government office or employment, the person is "forever disqualified" from holding any government office or employment. The permanent bar may be relieved by a gubernatorial pardon or restoration of rights, or by a judicial certificate.

A person convicted of specified violent crimes loses the right to possess a firearm. A person convicted of any crime, including a "disorderly persons" (misdemeanor) crime of domestic violence, loses the right to purchase a firearm. These rights may be restored by the governor through pardon or restoration of rights, but not through a judicial certificate.

Read more

### New Mexico

The right to vote is lost only during a period of actual incarceration. A person convicted of a felony loses the right to hold public office and serve on a jury. The right to serve on a jury is restored automatically upon completion of sentence, including payment of fines and restitution. The right to hold office may only be restored by a pardon, or gubernatorial restoration of rights following completion of sentence.

A person convicted of a felony loses the right to possess a firearm; this right is restored ten years after completion of sentence, or earlier by a pardon.

Read more

### New York

A person convicted of a felony and sentenced to prison loses the right to vote while incarcerated. A person convicted of a felony loses the right to sit on a jury, which may be restored by the sentencing court, corrections department, or governor. While there is no general restriction on the right to hold public office, an official convicted while in office may forfeit their office, and persons with felony convictions must obtain a judicial certificate before qualifying for law enforcement and a few other public offices.

A person convicted of a felony or a "serious offense" loses the right to possess a firearm. Except for persons convicted of a Class A-1 or violent felony, this right may be restored by the sentencing court, Department of Corrections and Community Supervision, or governor.

Read more

### North Carolina

A person convicted of a felony loses the right to vote, hold public office, and serve on a jury, all of which are restored automatically upon "unconditional discharge" from sentence. An interpretation of this term to include payment of all court debt was held in September 2020 to violate the state constitution.

A person convicted of a felony also loses the right to possess a firearm (with a few anti-trust-related exceptions). State residents with minor non-violent records may petition the court where they reside for restoration of firearms rights 20 years after completion of sentence.

Read more

### North Dakota

A person convicted of a felony loses the right to vote, hold public office, and to sit on a jury, but only while incarcerated.

A person convicted of a felony or a Class A misdemeanor loses the right to possess a firearm. A person convicted of a nonviolent felony or a Class A misdemeanor regains their rights automatically five years after release from prison or probation. For someone convicted of a felony involving violence or intimidation, the waiting period is ten years. A person subject to a five-year waiting period may petition the court to have these rights restored sooner.

Read more

### Ohio

A person convicted of a felony loses the right to vote, but only while incarcerated. A person convicted of a felony also loses the rights to hold public office and to serve on a jury, which are restored automatically after "final discharge," except that officials convicted of corruption offenses either have a longer waiting period or may be ineligible entirely for public office or employment short of a pardon.

A person convicted of a violent or drug felony loses the right to possess a firearm. Firearms rights may be restored by a court after completion of sentence or by a pardon.

Read more

### Oklahoma

A person convicted of a felony loses the right to vote for a period of time equal to the term of the sentence. Jury eligibility is also lost and is restored only by a pardon. Those convicted of a felony or of misdemeanor embezzlement are disqualified from public office for 15 years after completion of sentence or until pardoned. A felony conviction results in permanent disqualification from state legislature.

A person convicted of a felony loses the right to possess or live in a residence with a concealable firearm, including imitation pistols and altered air or toy pistols. This right may be restored by a pardon only if the conviction was for a nonviolent felony.

Read more

### Oregon

A person convicted of a felony and sentenced to prison loses the right to vote, hold public office, to sit on a jury, but only while incarcerated — except that grand jury and criminal trials, 15 years after service of felony sentence, and 5 years after service of sentence for misdemeanor involving dishonesty or violence. The vote is also lost for any conviction while actually incarcerated in a federal facility in state; restored upon release. Eligibility for state legislature is lost until completion of sentence, including payment of court debt.

A person convicted of a felony also loses the right to possess a firearm. If convicted of only one felony (not involving homicide or a weapons offense), this right is restored automatically 15 years after completion of sentence. Otherwise, this right can be restored by expungement or a pardon (though it is not clear whether the term "expungement" includes set-aside and sealing). Persons with certain non-violent felony offenses may regain firearms rights one year after discharge by petitioning a circuit court where they reside.

Read more

### Pennsylvania

A person convicted of a felony loses the right to vote, but only while incarcerated. A person convicted of embezzlement of public money, bribery, perjury, or any felony loses the right to hold public office, unless pardoned (for which federal and foreign convictions ineligible). A person convicted of a crime punishable by imprisonment for more than one year (which may include misdemeanors) may not serve on a jury, unless pardoned.

A person convicted of a specified crime—which includes certain felonies, drug offenses, domestic violence, repeat DUI offenses, and others—loses the right to possess a firearm. This right may be restored by a court ten years after release from prison, or by pardon or expungement.

Read more

### Puerto Rico

The right to vote is not affected by a conviction. A person convicted of a felony loses all other civil rights until completion of sentence.

A person convicted of a felony loses the right to possess a firearm, unless the conviction is pardoned or expunged.

Read more

### Rhode Island

A person convicted of a felony loses the right to vote, but only while incarcerated. A person convicted of a felony also loses the right to serve on a jury, which is restored after completion of sentence. A person convicted of a felony, or who is sentenced to more than six months in jail for a misdemeanor, loses the right to hold public office until three years after completion of sentence.

A person convicted of a "crime of violence" loses the right to possess a firearm with no relief specified. Firearms also may not be possessed by a person convicted of specified crimes involving domestic violence unless and until the conviction is expunged, or completion of a one-year sentence.

Read more

### South Carolina

A person convicted of a felony or election-law offense, or incarcerated for a misdemeanor, may not vote or hold public office until completion of sentence, including probation or parole but not satisfaction of court costs and restitution. A person convicted of a crime punishable by imprisonment for more than one year, which includes misdemeanors, loses the right to serve on a jury unless pardoned.

A person convicted of a violent crime loses the right to possess firearms or ammunition, and also handguns, unless pardoned.

Read more

### South Dakota

A person serving a sentence for a felony conviction after July 1, 2012, loses the right to vote, and it is not restored until completion of sentence, including payment of fines and restitution. For those convicted prior to July 1, 2012, the vote is lost only while serving a prison sentence, including parole, even if the sentence is suspended. The right to serve on a jury and to hold office are lost only if sentenced to incarceration, including a suspended term, and are restored upon release or completion of prison term.

A person convicted of a violent crime or a drug felony loses the right to possess a firearm. This right is restored automatically 15 years after completion of sentence, unless sooner by pardon.

Read more

### Tennessee

A person convicted of a felony loses the right to vote, serve on a jury and hold public office, and those convicted of perjury or subornation of perjury are also disqualified from jury eligibility. With some exceptions for serious crimes, the right to vote may be restored upon application to prison or paroling authorities upon completion of sentence, who must certify that restitution and court costs have been paid, and child support obligations are current. Those convicted of serious crimes must seek pardon before they may register vote. The right to hold public office and to serve on a jury may be restored through a judicial restoration procedure upon expiration of sentence or by pardon.

A person convicted of a felony involving violence or drug trafficking may not possess any firearm. Antique weapons are excepted from this prohibition. Persons convicted of any felony and domestic violence or DUI misdemeanors may not possess a handgun. Firearms rights may generally be regained by a pardon, or judicial "certificate of restoration," except that only expungement restores rights where the offense involved violence or drug-trafficking. Persons with federal or out of state convictions may also petition the circuit court for judicial restoration.

Read more

### Texas

A person convicted of a felony (including "high crimes" specified in the constitution) loses the rights to vote, to hold public office, and to serve on a jury. Jury ineligibility also extends to pending felony or misdemeanor charges, and misdemeanor theft convictions. The right to vote is restored automatically upon completion of sentence including payment of fines, and the other rights are restored by a pardon, except that the governor may by statute restore rights to those with a single felony conviction (including those with federal or foreign convictions).

A person convicted of a felony loses the right to possess a firearm. A person may possess a firearm in their home five years after completion of sentence, but restoration is otherwise by pardon.

Read more

### Utah

A person convicted of a felony or election-related misdemeanor loses the right to vote, but only while incarcerated. A person convicted of a felony also loses the right to sit on a jury, and regains eligibility by expungement. The right to hold public office is regained by expungement, or after the passage of 10 years from the date of the most recent conviction, if all fines have been paid, probation or incarceration has been successfully completed, and parole has been granted.

A person convicted of a felony loses the right to possess a firearm or any dangerous weapon. This right may be restored by expungement or pardon.

Read more

### Vermont

A conviction does not affect the right to vote or hold public office. A person convicted of a felony who has "served a term of imprisonment in this state" is disqualified to act as a grand or petit juror, unless pardoned. tit. 12, § 64.

A conviction does not affect the right to possess a firearm, but a court may prohibit a person from having a firearm as a condition of granting probation.

Read more

### Virgin Islands

A sentence of imprisonment for any term of more than one year suspends all the civil rights of the person so sentenced, and the person forfeits all public offices and private trusts. The right to vote is restored upon completion of sentence, including payment of court costs, and the right to stand for office depends upon being a qualified voter. Jury eligibility is restored by pardon.

A person convicted of a crime punishable by imprisonment for more than one year or misdemeanor domestic violence loses the right to possess a firearm or ammunition unless pardoned.

Read more

### Virginia

A person convicted of a felony loses the rights to vote, hold public office, and sit on a jury. These rights may only be restored by the governor, through his constitutional pardon power. Since 2016 these rights have been restored automatically through a series of executive orders, initially upon completion of sentence to all persons convicted of non-violent offenses, and after an additional three-year waiting period to those convicted of violent offenses. In March 2021 restoration was extended to all those not serving a prison term. In February 2021, an amendment to the state constitution was approved by the legislature that, if approved a second time by the next legislature and by a referendum, will disenfranchise people only during a period of incarceration and restore the vote upon release from prison.

A person convicted of a felony loses the right to possess a firearm. Certain juvenile adjudications also count. Restoration of this right is generally by a court in the county of residence.

Read more

### Washington

A person convicted of a felony loses the right to vote, hold public office, and sit on a jury. Effective Jan. 1, 2022, the right to vote will be restored automatically as long as a person is not incarcerated for a felony conviction. Until then, the right to vote may be restored by a certificate of discharge from the sentencing court or an administrative agency, which requires payment of fines and restitution, except that a certificate is available five years after completion of all non-financial aspects of the sentence. The vote may also be "provisionally restored" once a person is no longer in state prison or under community custody, but falling behind in payment of financial obligations may result in revocation (though waiver possible on a showing of hardship). The right to hold office is restored with the vote, and jury eligibility is also restored when the sentence is discharged. Rights may also be restored by petition to the Clemency and Pardons Board.

A person convicted of a "serious offense" (which includes violent, drug, and sex offenses), or any other felony or domestic violence crime, is prohibited from possessing a firearm or handgun. This right can be restored by the executive upon a finding of rehabilitation, or by the courts in less serious cases after a waiting period (5 years for felonies and 3 years for misdemeanors).

Read more

### West Virginia

A person convicted of a felony or bribery loses the right to vote, hold public office, and sit on a jury. In addition, jury eligibility denied to anyone "convicted of perjury, false swearing or any crime punishable by imprisonment in excess of one year under the applicable law of this state, another state or the United States." The rights to vote and hold office are restored automatically upon completion of sentence except that those convicted of bribery may not hold office unless pardoned. The right to sit on a jury is restored by a pardon.

A person convicted of a crime punishable by imprisonment for more than one year or of domestic violence loses the right to possess a firearm, unless the crime is expunged or pardoned.

Read more

### Wisconsin

A person convicted of a felony loses the rights to vote and serve on a jury, and regains them upon completion of sentence. A person convicted of a felony or a specified misdemeanor loses the right to hold public office unless pardoned (for which federal and foreign convictions ineligible).

A person convicted of a felony loses the right to possess a firearm unless pardoned.

Read more

### Wyoming

A person convicted of a felony loses the right to vote, hold public office, and sit on a jury. For those with no more than one non-violent Wyoming felony conviction, these rights restored automatically when the person has "completed all of his sentence, including probation and parole." All others, including those with federal and out-of-state convictions, may petition the governor when their "term of sentence expires" or when they "satisfactorily complete[] a probation period," and the governor "may" restore these rights.

All persons convicted of a felony lose the right to possess a firearm unless pardoned, except that non-violent first felony offenders regain their rights automatically upon completion of sentence. A person convicted of drug crimes may not obtain a concealed-weapon permit, except that a misdemeanant may regain eligibility after one year. A person convicted of a misdemeanor crime of violence within three years may be denied a permit.

Read more

Copyright © 2020 Margaret Colgate Love

Captured by the Third Circuit Libraries on 06/07/2023

**Internet Sources Cited in Opinions**

In order to preserve information for research purposes, websites cited in precedential and nonprecedential opinions for the United States Court of Appeals for the Third Circuit are captured when possible. Because some URLs cited in opinions may change over time or disappear altogether, an attempt is made to capture, as closely as possible, the material cited in an opinion at the time of its release. However, capture dates may not match the "as visited" date contained in an opinion's citation to that material. **Any use of captured website information is the sole responsibility of the user.**  All captured information is provided in good faith for research purposes. The Third Circuit Court of Appeals and its employees shall have no responsibility for the accuracy, content, completeness, legality, or reliability of captured information and cannot be held liable for any loss, damage, or expense which arises as a result of use. The content of a capture may be protected by copyright and/or related rights. Use of captured information may require permission from the rights holder(s).

