# Cooper & Kirk
### Lawyers
A Professional Limited Liability Company

David H. Thompson  
dthompson@cooperkirk.com

1523 New Hampshire Avenue, N.W.  
Washington, D.C. 20036

(202) 220-9600  
Fax (202) 220-9601

August 26, 2024

**VIA CM/ECF**

Patricia S. Dodszuweit, Clerk  
United States Court of Appeals  
   for the Third Circuit  
21400 U.S. Courthouse  
601 Market Street  
Philadelphia, PA 19106-1790

      Re:    Response to Supplemental Authority in *Range v. Att'y General U.S.*, No. 21-2835

Dear Ms. Dodszuweit,

    I write in response to the government's submission of *United States v. Jackson*, No. 22-2870, 2024 WL 3711155 (8th Cir. Aug. 8, 2024) as supplemental authority. *Jackson*, which merely reinstates the Eighth Circuit's pre-*United States v. Rahimi*, 144 S. Ct. 1889 (2024), decision in that case virtually unchanged except for a few additional cites to *Rahimi*, is not persuasive nor helpful to the Government. Indeed, at many points *Jackson* is flatly contrary to *Rahimi*, including the portion on which the Government principally relies.

    *Jackson* claims, and the Government notes, that Congress may "prohibit possession of firearms by persons who have demonstrated disrespect for legal norms of society." 2024 WL 3711155, at *6. But this language is nothing more than a different formulation of the "law-abiding, responsible citizen" argument that both this Court and *Rahimi* have rejected. *See* Range Suppl. Br. re *Rahimi*, Doc. 120 at 5–6. Indeed, it is a testament to how "expansive" and "vague," *Range v. Attorney General*, 69 F.4th 96, 102 (3d Cir. 2023) (en banc), the asserted rule is that it would arguably apply equally to an individual like Jackson, who has a history of selling controlled substances for which he spent years in jail, *Jackson*, 2024 WL 3711155, at *1, and Mr. Range, who has a clean record other than a

# Cooper & Kirk
Lawyers

Patricia S. Dodszuweit, Clerk
August 26, 2024
Page 2 of 2

more than thirty-year-old conviction for making a false statement on a benefit application.

    Other portions of *Jackson* further demonstrate that it should not be taken as a reliable guide to how the Supreme Court's decision in *Rahimi* cashes out in this case. For instance, *Jackson* relies on many laws that the Court found unhelpful (or that the Government disclaimed) in *Rahimi*. *Compare id.* at *5–6 (citing laws disarming religious groups and Native Americans) *with* Range Suppl. Br. re *Rahimi* at 9–10 (discussing the Government's disavowal of laws based on race and *Rahimi*'s rejection of laws based on religious belief).

    Sincerely,

s/David H. Thompson
David H. Thompson
COOPER & KIRK PLLC
1523 New Hampshire Ave., N.W.
Washington, DC 20036
dthompson@cooperkirk.com
Tel: (202) 220-9600
Fax: (202) 220-9601
*Attorney for Appellant*

cc: All counsel of record (via CM/ECF)