# Cooper & Kirk

### Lawyers

A Professional Limited Liability Company

David H. Thompson
dthompson@cooperkirk.com

1523 New Hampshire Avenue, N.W.
Washington, D.C.  20036

(202) 220-9600
Fax (202) 220-9601

September 3, 2024

**VIA CM/ECF**
Patricia S. Dodszuweit, Clerk
United States Court of Appeals
  for the Third Circuit
21400 U.S. Courthouse
  601 Market Street
Philadelphia, PA 19106-1790

> Re:   **Supplemental Authority Relevant to in *Range v. Att'y General U.S.*, No. 21-2835**

Dear Ms. Dodszuweit,

I write to notify the Court of two recent cases bearing on this matter. In *United States v. Williams*, No. 23-6115, 2024 WL 3912894 (6th Cir. Aug. 23, 2024), the Sixth Circuit held that its pre-*Bruen* precedent foreclosing as-applied challenges to Section 922(g)(1) had been superseded by *Bruen* and *Rahimi*. *Id.* at \*4. Rejecting the Government's argument that individuals without exception may be permanently disarmed because of a felony conviction, the Sixth Circuit noted that "*Rahimi* further emphasize[d] that lower courts shouldn't read too much into *Heller*'s and *Bruen*'s invocations of 'law-abiding' and 'responsible.' " *Id.*; *see also* Range Suppl. Br. re *Rahimi*, Doc. 120 at 5–6 (Aug. 2, 2024) ("Suppl. Br.").

After analyzing the text of the Second Amendment, *Williams* conducted a lengthy historical analysis and concluded that "governments in England and colonial America long disarmed groups that they deemed to be dangerous" but always permitted individuals to "demonstrate that their particular possession of a weapon posed no danger to peace." *Williams*, 2024 WL 3912894 at \*13. That reasoning was faulty to the extent it relied on class-based laws that *Rahimi* eschewed, *see* Suppl. Br. 11–12; *United States v. Duarte*, 101 F.4th 657, 679 (9th Cir. 2024), *rehearing granted and vacated by* 108 F.4th 786, and placed the burden on individuals disarmed by Congress to prove that they are not dangerous, Suppl. Br. 4; *cf. Ashcroft*

# Cooper & Kirk
### Lawyers

*v. Free Speech Coalition*, 535 U.S. 234, 246 (2002) (explaining, in First Amendment context, that "the Government must prove" that a work is obscene). But the panel was correct to conclude that nondangerous individuals *cannot* be disarmed. Where the burden lies is immaterial in this case, because the Government has admitted that Range poses no danger to anyone. Suppl. Br. 1.

The Fifth Circuit's recent decision in *United States v. Connelly*, No. 23-50312, 2024 WL 3963874 (5th Cir. Aug. 28, 2024), further supports the conclusion that history permits disarming only those individuals who "were legitimately dangerous to the public." *Id.* at *5. Again, no one in this case claims that Range is legitimately dangerous to anyone.

Sincerely,

s/ David H. Thompson
David H. Thompson
COOPER & KIRK PLLC
1523 New Hampshire Ave., N.W.
Washington, DC 20036
dthompson@cooperkirk.com
Tel: (202) 220-9600
Fax: (202) 220-9601

*Attorney for Appellant*

cc :  All counsel of record (via CM/ECF)